IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                              Cr. No. S-02-0468 MCE

    vs.

N. ALLEN SAWYER,

        Defendant.                       ORDER

_____/

        On July 17, 2007, the court heard argument on N. Allen Sawyer's motion to quash a subpoena served on him by former co-defendant Monte McFall. Quin Denvir appeared for Mr. Sawyer; Victor Haltom and John Duree appeared for Mr. McFall.

A.  <u>Background</u>

        On September 9, 2004, a fourth superseding indictment was returned against Monte McFall, N. Allen Sawyer, Baxter Dunn and others, charging them with two counts of conspiracy to commit extortion, 18 U.S.C. § 1951, two counts of false statement before the grand jury, 18 U.S.C. § 1623, four counts of honest services mail fraud, 18 U.S.C. §§ 1341 & 1346, and two counts of honest services wire fraud, 18 U.S.C. §§ 1343 & 1346. See Docket No. 264. On January 11, 2005, Sawyer pleaded guilty to one count of honest services mail fraud, with the understanding, among others, that the remaining counts would be dismissed and that:

1

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence as long as he is sentenced at an offense level no higher than 15.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.
>
> If the defendant's conviction on any of the counts to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right to prosecute the defendant on counts to which he pleaded guilty.

Sawyer Plea Agreement (Docket No. 375) ¶ VI C. Sawyer was sentenced on June 7, 2005 based on an offense level of 15; the written judgment was filed June 17, 2005. Docket Nos. 502, 506.

All the other defendants, except McFall, pleaded guilty. McFall was convicted after a lengthy jury trial. Docket No. 451 (minutes).

On July 15, 2005, McFall filed a motion for new trial, alleging, among other things, that trial counsel should have sought a continuance of the trial in order to secure Sawyer's testimony, which would have been exculpatory, as reflected in the notes of his debriefing sessions with representatives of the government. See Docket Nos. 512, 517. On April 24, 2006, the Honorable Morrison C. England set an evidentiary hearing on the motion, to begin on July 19, 2006.

On June 21, 2006, Sawyer filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255; he argues that his conviction violates the Fifth, Sixth and Eighth Amendments because he is factually innocent. Motion To Vacate (Docket No. 553) at 4. The motion was referred to the Honorable Craig M. Kellison, Magistrate Judge, who has issued an order directing the government to respond, noting that "[i]t does not plainly appear from the motion, any attached exhibits, or the record of prior proceedings, that movant is not entitled to relief. . . . Respondent, therefore, will be directed to file a response to movant's motion." See id.

(Docket No. 569).

On July 12, 2006, Sawyer filed a motion to quash the subpoena served on him by McFall's counsel on July 11, 2006, ordering him to appear for the July 19th hearing on the motion for a new trial. In this motion, Sawyer argues he has a Fifth Amendment right not to incriminate himself by his testimony about his dealings with McFall because if his § 2255 motion "is successful, it is expected the government will attempt to invoke that portion of the plea agreement to re-prosecute him." Sawyer Motion To Quash (Sawyer MTQ) at 2.

At hearing on the motion to quash, the court provided McFall's counsel the opportunity to submit a list of questions he anticipates posing to Mr. Sawyer by the end of the day on Monday, July 17th. The docket does not reflect the filing of any such questions. At hearing on the motion to quash, based on McFall's counsel's description of the nature of the questions he anticipates asking, Sawyer's counsel indicated that Sawyer would invoke his Fifth Amendment right in response to any and all such questions.

B. <u>Application Of the Sixth Amendment To The Proceedings</u>

McFall argues he has a Sixth Amendment and Fourteenth Amendment right to present witnesses in his favor at the hearing on the motion for a new trial. He relies on <u>Washington v. Texas</u>, 388 U.S. 14 (1967) and <u>Chambers v. Mississippi</u>, 410 U.S. 284 (1973), which discuss the application of the compulsory process clause to criminal trials. At the hearing on the motion, counsel could not direct the court to any cases extending this right to a hearing on a motion for a new trial. There is some suggestion in the law that the right does not extend to proceedings other than trial. <u>See</u> <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 52 (1987) (right to confront and cross-examine is a trial right, designed to prevent restrictions on questions during cross-examination; it does not create a right to pretrial discovery); <u>but see</u> <u>Menefield v. Borg</u>, 881 F.2d 696 (9th Cir. 1989) (under California law, motion for a new trial is a "critical state" of the proceedings and Sixth Amendment thus requires the appointment of counsel). Although it is not clear that McFall may rely on the Constitution in seeking to compel the attendance of Sawyer, the

court's ultimate resolution of the motion does not require it to resolve this question.

C. <u>The Motion To Quash</u>

The general standard for a valid assertion of the Fifth Amendment privilege is well established. A witness must show that his testimony would support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. <u>Hoffman v. United States</u>, 341 U.S. 479, 486 (1951). The standard for determining whether a claim of privilege is justified is whether the claimant is confronted by an appreciable and real hazard of incrimination. <u>United States v. Apfelbaum</u>, 445 U.S. 115, 128 (1980); <u>United States v. Antelope</u>, 395 F.3d 1128, 1134 (9th Cir. 2005).

Sawyer argues that in light of the provisions of his plea agreement, he faces an appreciable and real danger of self-incrimination should he be called to testify. His exposure stems from the possibility that his conviction will be vacated based on his § 2255 motion, and the government will then seek to prosecute him once again.

McFall argues that there is no real danger of self-incrimination because the § 2255 motion is barred by Sawyer's waiver of appeal and collateral attack, is not timely under the AEDPA, and is frivolous. This court, however, is not able to reach these contentions: the motion has been assigned to another Magistrate Judge, who has determined not to dismiss the motion after his examination of "the motion, any attached exhibits, and the record of prior proceedings" and his decision "to direct the government to file a response." Rule 4(b), Rules Governing Section 2255 Proceedings. McFall has presented no statutory or case authority suggesting that this court may make even a preliminary evaluation of the merits of a case assigned to a different Magistrate Judge.

McFall also cites <u>United States v. Transfiguracion</u>, 442 F.3d 1222, 1230 (9th Cir. 2006), for the proposition that "a claim that a conviction is invalid because the underlying acts do not constitute a crime 'did not attack the plea agreement in any way', including by invalidating the guilty plea entered pursuant to the plea agreement." Opp'n at 6. In <u>Transfiguracion</u>,

4

however, the defendants sought to dismiss the information against them in light of a change in the law; they did not seek to withdraw their pleas.  The government sought to revive the charges dismissed as part of the plea bargain, but the Ninth Circuit rejected the attempt because the plea agreement provided that the dismissed charges could be revived only if the "defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time. . . ."  Id. at 1226.  The court observed that the motion to dismiss the information was not an attack on the plea and not a violation of the plea agreement.

The agreement in this case is very different, for it gives the government the option to prosecute Sawyer if his conviction or sentence is vacated at his request; he has made such a request to vacate in his § 2255 motion.

Although McFall has now declined to submit the questions he seeks to pose to Sawyer under oath, he has directed the court to the appendix to his reply to the opposition to the motion for new trial as containing an outline of what he would ask Sawyer at a hearing.  The potential questions concern McFall's dealings with a company called Digital Angel, the subject of count 14, and co-defendant Bedford's decision to vote against Calpine, which may undercut some of the evidentiary support for counts 2, 3 and 4.  Counts 2 and 14 were dismissed as part of Sawyer's plea bargain.  Based on this record, the court finds that Sawyer could reasonably invoke his Fifth Amendment privilege against self-incrimination as ground for refusing to answer essentially all relevant questions at the hearing on the motion for a new trial.  See United States v. Kordel, 397 U.S. 1, 9 & n.14 (1970); United States v. Gomez-Rojas, 507 F.2d 1213, 1219 (9th Cir. 1975).  His attendance, therefore, should not be compelled.

/////
/////
/////
/////
/////

1    The motion to quash is granted.

2    IT IS SO ORDERED.

3 DATED: July 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
sawy0468.mtq